## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 50586

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: February 20, 2024 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| DAVID MIKEL SCOTT, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Samuel Hoagland, District Judge.

Judgment of conviction and unified sentence of five years, with a minimum period of confinement of three years, for first degree stalking and consecutive, indeterminate sentence of ten years for burglary, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

———————————————————————

Before GRATTON, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

———————————————————————

PER CURIAM

David Mikel Scott pled guilty to first degree stalking, I.C. § 18-7905, and burglary, I.C. § 18-1401. In exchange for his guilty pleas, additional charges were dismissed. The district court sentenced Scott to a unified term of five years, with a minimum period of confinement of three years, for first degree stalking and an indeterminate term of ten years for burglary. The

1

district court ordered that Scott's sentences be served consecutively to each other and to another unrelated sentence. Scott appeals, arguing that his sentences are excessive.[1]

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Therefore, Scott's judgment of conviction and sentences are affirmed.

---

[1] Scott also pled guilty to and was sentenced for petit theft. However, he does not challenge this judgment of conviction and sentence on appeal.